UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BRANDI SCHAUBERT | JUDGE: |
| VERSUS | CIVIL ACTION NO.: 6:19-CV-917 |
| LOUIS ACKAL IN HIS CAPACITY AS SHERIFF OF IBERIA PARISH | STATE OF LOUISIANA |
| | MAGISTRATE: |

COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, BRANDI SCHAUBERT (hereinafter sometimes "Plaintiff"), a Caucasian female of the full age of majority, domiciled in the Parish of Iberia, State of Louisiana, who respectfully represents:

DEFENDANTS

1.    Made Defendant herein is LOUIS ACKAL, in his capacity as Sheriff of Iberia Parish, a competent person of the full age of majority, believed to be domiciled in Iberia Parish, Louisiana.

INTRODUCTION

2.    This is a civil action for damages against LOUIS ACKAL, in his capacity as Sheriff of Iberia Parish as operator of the Iberia Parish Jail, located in Iberia Parish, Louisiana, arising from physical injury caused during Plaintiff's confinement, the denial of reasonable medical treatment, the denial of reasonable protection, and the conditions of Plaintiff's confinement by Defendant.  Plaintiff's injuries arise from Defendant's breach of their duties under Louisiana

state law, and violations of Plaintiff's rights protected by the U.S. Constitution and the Louisiana

Constitution of 1974, the details of which are set forth herein below.

JURISDICTION

3.      The jurisdiction of this Honorable Court is invoked to redress the deprivation,

under color of state law, of rights secured by the Constitution of the United States as authorized

by 42 U.S.C.§1983 & 1988.  This Honorable Court also has jurisdiction over this action under 28

U.S.C. § 1331 & 28 U.S.C. § 1343 (a)(3).  Plaintiff further invokes the supplemental jurisdiction

of this Court to consider claims arising under state law pursuant to 28 U.S.C. § 1367.

4.      The events giving rise to the claims asserted in this complaint occurred within the

Western District of Louisiana, United States of America. Thus, venue is proper in this Court

pursuant to 28 U.S.C. § 1391(b)(2).

PARTIES

5.      Plaintiff, BRANDI SCHAUBERT, was involved in a pedestrian/automobile accident

on July 16, 2018.  She sustained severe injuries from the accident, including, but not limited to:

multiple fractures of her left foot,[1] left flank contusions/abrasions, back injury, and abrasions to

her foot and leg.

6.      The Defendant, LOUIS ACKAL, is a major resident of Iberia Parish, Louisiana, who

is the keeper and operator of the Iberia Parish Jail, the operator of parish wide law enforcement

employing many deputy sheriffs under his supervision.  Acting through his authorized agents

and/or employees, Defendant breached his duty to exercise reasonable care to ensure the

protections of Plaintiff, to operate the Iberia Parish Jail in a prudent manner, and to prevent the

spreading of infection, along with aggravation of injuries from the July 16, 2018 accident, as

---

[1] Fractures to the second, third, and forth metatarsal heads, fracture at the base of the fifth proximal phalanx, and an avulsion fracture of the medial aspect of the first metatarsal head.

**Page 2**

well as Plaintiff's preexisting mental illness and resulting in damage to Plaintiff. He is liable for Plaintiff's damages under Louisiana state law as well as federal law, and he is vicariously liable for the actions and inactions of persons within his employment.

## FACTS

7.      Iberia Parish Jail was, at all times relevant, operated by LOUIS ACKAL, whose employees (deputy sheriffs) were, at all times relevant, acting in the course and scope of their employment under the management, supervision and direction of LOUIS ACKAL. LOUIS ACKAL was charged with the responsibility of monitoring and managing the inmate population at the Iberia Parish Jail and with the responsibility of ensuring the safety and well-being of inmates under his, and his employees', watch.

8.      BRANDI SCHAUBERT[2] was involved in a pedestrian/automobile accident on July 16, 2018. She was violently and unexpectedly struck from the rear by an automobile traveling at approximately thirty (30) miles per hour as she walked down the shoulder of Louisiana State Highway 88. She sustained severe injuries from the accident including, but not limited to: multiple fractures of her left foot,[3] left flank contusions/abrasions, back injury, and abrasions to her foot and leg.

9.      Minutes following the accident, Louisiana State Troopers searched BRANDI SCHAUBERT's alleged belongings finding alleged contraband. As her walking partner had left the scene of the accident, BRANDI SCHAUBERT was arrested and thereafter transported by ambulance to the emergency room at Iberia Medical Center, where she was treated and released for incarceration.

---

[2] Wearing a green/teal sleeveless shirt and black shorts with white reflective strips down both sides.

[3] Fractures to the second, third, and forth metatarsal heads, fracture at the base of the fifth proximal phalanx, and an avulsion fracture of the medial aspect of the first metatarsal head.

10.    Upon her release from the emergency room at Iberia Medical Center, BRANDI SCHAUBERT'S broken left foot was splinted, she was provided crutches, and instructed: to use crutches, to keep the splint[4] dry, and to follow up with her primary care provider within 24-48 hours.

11.    In addition, BRANDI SCHAUBERT suffered from a history of mental illness: including bipolar 1 disorder, borderline personality disorder, and anxiety for which psychotropic medication was necessary to treat.

12.    Thereafter, BRANDI SCHAUBERT was confined in the Iberia Parish Jail by Defendant, his agents and employees, from July 16, 2018 until September 6, 2018.

13.    While incarcerated, BRANDI SCHAUBERT was not allowed to use a wheelchair and/or crutches and was told neither could not be found.  She was also forced to shower, resulting in the exposure of her splint and open wounds to water.

14.    As a result of the circumstances described in paragraph 13, the splint on her left foot only lasted for about one (1) week, thereafter BRANDI SCHAUBERT was forced to ambulate on her un-splinted, broken foot, without crutches or other assistance.

15.    During shower time, BRANDI SCHAUBERT was forced to shower with open wounds on her left foot, in a shower basin previously utilized by another female inmate who was positive for HIV (human immunodeficiency virus), who had left a trail of menstruation/blood. The showers were not sanitized nor cleaned.  Female inmates were not provided with feminine products, tampons, etc.

16.    When BRANDI SCHAUBERT notified Deputy "Kathy" of the menstruation/blood, she indicated that it was "not her problem."  Deputy "Kathy"[5] would often remark to Plaintiff

---

[4] A temporary splint was applied, ordinarily lasting four (4) to six (6) weeks.
[5] An African American.

**Page 4**

and other inmates that she "couldn't stand white girls."  Plaintiff suffered, and thereafter continues to suffer, grievous injury to her foot from the prior accident and exposure to HIV (human immunodeficiency virus).

17.     BRANDI SCHAUBERT was refused necessary medication and medical treatment, leading to protracted pain and suffering and inhibiting her proper recovery.

18.     Plaintiff continues to experience symptoms associated with her injuries, inclusive of pain and emotional trauma.  She was not afforded proper medical examination, diagnostic testing and treatment reasonable under the premises to treat her mental illness, back injury, left flank injuries and foot injuries.  As a result, she needs additional, specialized medical attention, inclusive of surgical intervention and follow up care.

## CLAIMS

19.     Deputy "Kathy," and other deputies, intentionally and recklessly exposed Plaintiff to HIV, when she knew, or should have known, that the Plaintiff's wounds would be open to infectious viruses and/or diseases.  Deputy "Kathy," and other deputies, did so while in the course and scope of their employment with LOUIS ACKAL, and the Iberia Parish Sheriff's Office.

20.     Deputy "Kathy," and other deputies, racially discriminated against Plaintiff, intentionally and recklessly refusing to give her access to necessary medical care and treatment. Deputy "Kathy," and other deputies, did so while in the course and scope of their employment with LOUIS ACKAL, and the Iberia Parish Sheriff's Office.

21.     LOUIS ACKAL: negligently hired, supervised and trained deputies, including "Kathy," failed to prudently manage and monitor the inmate population at the Iberia Parish Jail; and failed to take reasonable steps to protect persons within his control.

22. LOUIS ACKAL was negligent: in failing to maintain the Iberia Parish Jail properly; in failing to ensure necessary accommodations for persons with disabilities, injuries and illnesses; in failing to provide necessary feminine products to prisoners; in denying Plaintiff reasonable medical care under the premises; in being deliberately indifferent to Plaintiff's physical injuries and mental illness, to the extent that her injuries were not timely assessed and she suffered, and continues to suffer, physical pain as well as mental and emotional anguish.

23. Defendant, and persons within his employment, violated Plaintiff's rights to due process, causing her to suffer cruel and unusual punishment at a time when she was presumed innocent.

24. The conduct of Defendant, and persons within his employment, was deliberate and rose to the level of callous indifference and was the proximate cause of the violation of Plaintiff's federally protected rights, entitling her to exemplary damages against Defendant, punitive in nature, and to deter the Defendant from engaging in such conduct in the future.

25. As a result of Defendant's denial of Plaintiff's basic civil rights, Plaintiff was compelled to retain attorneys to prosecute this action and to ensure that the aforesaid conduct of Defendant does not continue. Plaintiff is entitled to attorney fees, at the discretion of this Honorable Court, reasonable in the premises.

26. The resulting injuries, and aggravation of preexisting conditions of Plaintiff were caused solely and proximately by the gross and flagrant negligence, recklessness, carelessness and fault of Defendant, in the following non-exclusive particulars, to wit:

A) Failure to maintain a safe and clean environment;

B) Failure to monitor the activities of people for whom they were responsible;

**Page 6**

C)      Failure to make reasonable efforts to protect the safety and well-being of the people for whom they are responsible;

D)      Failure to provide necessary medical care and treatment or to allow Plaintiff access to necessary medical care and treatment;

E)      Negligent hiring, firing and training of Sheriff Deputies within Defendant, LOUIS ACKAL'S employment; and

F)      Any and all other acts of negligence and omissions to be proven through discovery or at the time of the trial of this matter, all of which were in contravention of the exercise of due care and procedure.

### DAMAGES

27)      As a result of Defendant's actions and inactions, as described hereinabove, Plaintiff suffered, and continues to suffer, injuries including, but not limited to, the following:

A)      Her left foot, necessitating the need for surgical intervention when no surgical intervention would have been necessary given proper treatment; and

B)      Aggravation of her preexisting mental illness, back injury, left flank injuries and foot injuries.

28)      As a result of the foregoing incident sued upon, Plaintiff sustained, and continues to sustain, damages including, but not limited to, the following:

A)      Physical pain and suffering – past, present and future;

B)      Mental pain, anguish and distress – past, present and future;

C)      Medical expenses – past, present and future;

D)      Loss of earning capacity/wages;

E)      Loss of enjoyment of life; and

**Page 7**

F)      Any and all other damages which shall be proven at trial of this matter.

29)     Defendant is liable, for the damages sustained by Plaintiff, in an amount reasonable and equitable in the premises, with interest from the date of judicial demand, until paid or as allowed by law, for all costs of these proceedings and for all general and equitable relief.

## PRAYER

**WHEREFORE,** Petitioner prays that his Honorable Court enter judgment against Defendants:

A) Granting Petitioner, a declaration that the acts and omissions described above violated her rights under the Louisiana State Constitution and the laws of the State of Louisiana;

B) Granting Petitioner, a declaration that the acts and omissions described above violated her rights under the United States Constution;

C) Granting Petitioner compensatory general and special damages in accordance with proof;

D) Granting Petitioner punitive damages and attorney fees where authorized by law;

E) Granting Petitioner all costs of suit incurred herein;

F) Granting Petitioner legal interest from the date of judicial demand on all amounts awarded; and

G) For all general and equitable relief that may be due under the premises.

RESPECTFULLY SUBMITTED:

**ANTHONY J. FONTANA, JR., APLC**

By:   /s/ *Anthony J. Fontana, Jr.*

ANTHONY J. FONTANA, JR., LSBA ROLL NO. 5643
210 North Washington Street
Abbeville, Louisiana 70510
Telephone:    (337) 898-8332
Facsimile:    (337) 893-4980
Email:          office@tfontana.com
*Counsel for Brandi Schaubert*

**GABE A. DUHON, LLC**

By:   /s/ *Gabe A. Duhon*

GABE A. DUHON, LSBA ROLL NO. 30482
105 Tivoli Street
Post Office Box 478
Abbeville, Louisiana 70511-0478
Telephone:    (337) 893-3423
Facsimile:    (337) 893-3510
Email:          gaduhon@vermilionlawyers.com
*Counsel for Brandi Schaubert*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 16th day of July, 2019, I electronically filed the foregoing Complaint for Damages with the Clerk of Court using the CM/ECF system, and that I further certify that on this same day counsel for the parties of record were provided a copy of the foregoing by electronic means.

*/s/ Gabe A. Duhon*

GABE A. DUHON

**PLEASE PERSONALLY SERVE:**

**LOUIS ACKAL IN HIS CAPACITY AS SHERIFF OF IBERIA PARISH**

At his place of business:
Iberia Parish Sheriff's Department
300 Iberia Street Suite 120
New Iberia, LA 70560

**Page 9**